**MEMO ENDORSED**

GEORGE B. FREEHILL
WILLIAM I. JUSKA JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. CUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.▲
THOMAS M. RUSSO
THOMAS M. CANEVARI
MICHAEL FERNANDEZ
JOHN F. KARPOUSIS*▲
MICHAEL E. UNGER*
WILLIAM J. PALLAS*
GINA M. VENEZIA*▲
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*
DANIEL J. FITZGERALD*▲
JAN P. GISHOLT*
SUSAN LEE*
EDWARD J. CARLSON

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
▲ ALSO ADMITTED IN WASHINGTON, D.C.
* ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF

# FREEHILL HOGAN & MAHAR LLP

80 PINE STREET

NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE (203) 921-1913
FACSIMILE (203) 359-0377

RECEIVED FEB 0 6 2009 CHAMBERS OF LEONARD B. SAND

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-9-09

February 6, 2009

Via Fax No: (212) 805 – 7919
The Honorable Leonard B. Sand
United States District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1650
New York, New York 10007

Our ref: 903-08/ROSS

RE:   Universal Reefers Ltd. v. Hyram Maritime S.A.L.
08 CV 11100 (LBS)
-----------------------------------------------------------------

Dear Judge Sand:

We represent the Plaintiff Universal Reefers Ltd. in the captioned Rule B litigation. The purpose of this letter is to ask that the Court allow the subject Rule B attachment to remain in place.

On December 24, 2008, we successfully attached the full amount of the subject claim ($268,227.81), which is still being held by American Express Bank. As reflected in the attached Addendum to the Order of Attachment, we were supposed to advise the Court within thirty (30) days of this Order whether arbitration had been commenced. Unfortunately, we inadvertently allowed the deadline to pass on January 23rd because, as will be set forth below, the parties were involved in discussions to settle the Plaintiff's claim altogether. Once again, we apologize to the Court and respectfully ask that your Honor allow the attachment to remain in place.

Since the time of the filing of the Complaint, Plaintiff's demurrage claim continued to increase significantly over and above the amount attached. In early January, as a result of Plaintiff's attachment, the parties began settlement discussions. In line with those discussions, Plaintiff proposed that charterer/Defendant Hyram pay the Plaintiff monies due under the charter party, which included the $268,227.81 under attachment. Plaintiff then forwarded to Defendant

NYDOCS1/323790.1



February 6, 2009
Page 2

the proposed settlement agreement for its review and comments. A copy of Plaintiff's proposed settlement agreement is annexed hereto.

Given that the settlement appeared imminent, Plaintiff did not commence London arbitration. However, we have instructed our client to immediately start arbitration if the settlement has not been finalized within one week. We respectfully submit that no prejudice occurred as a result of the Plaintiff's missing the January 23 deadline. Furthermore, by maintaining the subject attachment, the Court will allow the parties to implement any settlement agreement.

In light of the foregoing, we respectfully request that the Court grant the within application and allow attachment to remain in place.

Respectfully submitted,
FREEHILL HOGAN & MAHAR, LLP

James L. Ross

ROSS:lu
enc.

*Endorsement*

Attachment may remain in place for an added thirty (30) days subject to further order of the Court.

So ordered

_____ USDJ
2/9/09

**MEMO ENDORSED**

FREEHILL, HOGAN & MAHAR LLP